State ex rel. Long et al. vs. Justice.

No. 322.

44 949
45 207
45 1091

THE STATE EX REL. MALOY LONG ET AL. VS. JACKSON SIKES, JUSTICE OF THE PEACE.

Act 112 of 1880, relative to public roads, confers civil jurisdiction on the magistrate's court

Suit may be brought and judgment obtained on a demand for the amount imposed on persons neglecting or refusing to work on the public road.

But the justice of the peace has no authority to proceed, as in a criminal case, to receive affidavits, issue warrants of arrest, and render judgment of imprisonment against delinquents.

APPEAL from the Second District Court, Parish of Webster. *Watkins, J.*

*L. K. Watkins* for Appellant.

The opinion of the court was delivered by

BREAUX, J. The defendant, justice of the peace, on the affidavit of a resident of the parish, issued a warrant and caused the relators to appear before him.

They were proceeded against as in a criminal proceeding, and each was condemned to pay $4 for failing to work two days on the public roads, and in default of payment they were ordered to be imprisoned one day.

The relators allege that the judgments were rendered without citation and without allowing them to answer. That the proceedings and the judgments were in criminal cases, wherein the justice had no jurisdiction, and his proceedings, if conducted civilly, were without demand and the judgments nullities.

They applied for a writ of *certiorari* to have the record and proceedings reviewed and the judgments avoided and annulled.

In compliance with a preceding order copies of proceedings and records of the cases were filed before this court. They prove the correctness of relator's allegations in his petition for a *certiorari*.

The purpose of the magistrate was to enforce Act 112 of 1880 and the ordinance of the police jury of Webster parish relating to the public roads.

The said act confers only civil jurisdiction on the magistrate's court. The party who fails to comply with the law, after having been duly notified, may be cited before a justice of the peace having

jurisdiction, for the recovery of the amount which the law directs shall be imposed.

. This is the extent of that officer's jurisdiction in these cases. Cons., Art. 126.

Whatever of a criminal nature there is in matter of the enforce-ment of the road law is within the jurisdiction of another tribunal.

The defendant, justice of the peace, had jurisdiction, not however in a criminal proceeding, but of a civil suit for the recovery in the name of the overseer of $2, after citation and the legal delays, for every day the defendants failed to comply with a legally issued sum-mons to work on the public roads.

It is therefore ordered, adjudged and decreed that the writs of *certiorari* issued in said cases are made peremptory, and the judg-ments and all proceedings in each of the said cases are annulled, and set aside at defendant's and respondent's costs.